IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
        Plaintiff,

vs.                                                  No. 16-10039-JTM

TIMOTHY POPE,
        Defendant.

MEMORANDUM AND ORDER

Defendant Timothy Pope has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), based on his physcial condition and the risk presented by the COVID-19 virus. The statute provides that the court may reduce a criminal sentence if there are extraordinary and compelling reasons which warrant such a reduction, and if the reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). Pope was convicted in 2017 of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 60 months imprisonment. (Dkt. 35).

Pope is a former smoker, had his appendix removed in June, and is obese. The medical records submitted to the court indicate Pope has a body mass index (BMI) of 37, which is considered severely obese. The government opposes a release, noting in that Department of Justice guidelines identifying various virus risk factors include obese persons with a BMI of 40 or more. (Dkt. 42, at 11-12 n. 8). However, the government also acknowledges that "[i]f an inmate has a chronic medical condition that

has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of 'extraordinary and compelling reasons.'" (*Id*. at 11). At the present time,[1] the CDC reports that an increased risk of severe illness exists for persons with a BMI of "30 or higher." The court concludes the defendant does face some heightened risk of serious injury if he contracts the COVID-19 virus.

The primary focus of the government's Response is on the relevant Section 3553(a) sentencing factors, especially the seriousness of the offense. The Factual Basis for the guilty plea establishes that Pope had received a 2013 felony conviction for possession of methamphetamine in Sedgwick County District Court, and sentenced to 56 months imprisonment.

After this serving state term, Pope was observed driving a vehicle with an improper tag displayed. When a Wichita Police Officer tried to stop the vehicle, Pope led the officer on a chase for several miles. A female passeger reported that Pope did not want to stop the car, and during the chase placed a green back pack beneath her feet on the passenger floorboard. When the vehicle was finally stopped, police officers found a two bags of methamphetamine and some marijuana. Inside the green back pack, they found a loaded Glock 21, .45 caliber handgun. (Dkt. 29, at 1-2).

---

[1] The government cites a version of the CDC website updated on August 10, 2020. The most current information (updated September 11, 2020, accessed today) is available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html

This court has concluded that compassionate release based on COVID-19 related concerns should be denied where the resulting sentence would materially depart from an appropriate § 3553(a) sentence, and this conclusion applies especially where the underlying offenses involve actual violence, or the inherent violence associated with felony firearms offenses. *See United States v. Antoine Beasley*, 2020 WL 5077383, *1-2 (D. Kan. Aug. 27, 2020); *United States v. Gerald Beasley*, No. 13-10112-01, Dkt. 765 (D. Kan. Sept. 23, 2020) (citing cases).

The defendant has less than a year to serve on this term of imprisonment. However, the defendant, 40 years old at the time of his conviction, remains a younger individual. The five years sentence he received in 2017 was the mandatory sentence prescribed by Congress for the carrying of a firearm. That Pope enganged in the same narcotics offenses so shortly after his release from state custody, his attempt to evade the police, and his extensive criminal background which includes similar conduct (Dkt. 33, at 12-17) gives little reason to believe that a release now would be consistent with public safety, and every reason to conclude that such a result would fail to reflect the seriousness of his offense, the need to provide just punishment, and to promote respect for the law.

IT IS ACCORDINGLY ORDERED this day of September, 2020, that the defendant's Motion for Compassionate Release (Dkt. 40) is hereby denied.

*J. Thomas Marten*

J. Thomas Marten, Judge